## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Ream, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Charles P. and Margaret E. Polk Foundation,<br><br>        Defendant. | COMPLAINT - CLASS ACTION<br><br>Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## **COMPLAINT**

Plaintiff Patricia Ream (referred to herein as "Ms. Ream" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to herein as "Plaintiffs"), for her Complaint against the Charles P. and Margaret E. Polk Foundation (referred to herein as "The Polk Foundation" or "Defendant"), states as follows:

### Nature of Case

1.    The Polk Foundation employs approximately ninety (90) exempt, hourly shift workers, including, but not limited to, Caregivers, Med Techs and Housekeepers (collectively, "Shift Workers") at its assisted living facilities in Millersburg, Pennsylvania. The Shift Workers are assigned one of three shifts, which run from midnight until 8:00 a.m.; 8:00 a.m. until 4:00 p.m.; and 4:00 p.m.

1

until 12:00 a.m. (midnight). The Shift Workers are paid for eight (8) hours per day. During the past several years, including specifically during the last three (3) years, The Polk Foundation has required these Shift Workers to remain at work for a minimum of fifteen (15) minutes beyond their scheduled shift end time for the purpose of turning over their responsibilities to the on-coming shift. Because the Shift Workers were not paid for more than eight (8) hours per day regardless of when an individual Shift Work punched in or out, The Polk Foundation received unpaid labor from its Shift Workers each day. This lawsuit is brought as (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and (b) a class action under Fed. R. Civ. P. 23 and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*

**Parties, Jurisdiction, and Venue**

2. Ms. Ream resides in Millersburg, Pennsylvania and previously worked as a Shift Worker for The Polk Foundation at their assisted living facility in Millersburg, Dauphin County, Pennsylvania. Ms. Ream is a citizen of the Commonwealth of Pennsylvania. Ms. Ream was, at all material times, a covered, non-exempt employee of The Polk Foundation within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g). Ms. Ream brings this lawsuit as a collective action under the FLSA on behalf of herself and all other similarly situated employees employed as Shift Workers for The Polk Foundation during the last three (3) years.

3. The Polk Foundation is a Pennsylvania based non-profit corporation, which operates Polk Personal Care Center, an assisted living facility, a medical center, and other related facilities. The Polk Foundation has a registered business address of 129 Market Street, Millersburg, Dauphin County, Pennsylvania 17061, and maintains primary business operations at 301 North Street, Millersburg, Dauphin County, Pennsylvania, as well as other business operations in Millersburg, Pennsylvania.

4. At all material times, The Polk Foundation has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), PWPCL, 43 P.S. § 260.2a, and PMWA, 43 P.S. § 333.103(g).

5. At all material times, The Polk Foundation has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

6. At all material times, The Polk Foundation has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

7. At all material times, Plaintiffs were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

8. At all material times, Plaintiffs were employees as defined by the PMWA, 43 P.S. § 333.103(h).

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter jurisdiction over Named Plaintiff's and other similarly situated employees' FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because The Polk Foundation does business in this district, operates a business facility in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

**General Allegations**

12. Plaintiffs were employed as Shift Workers by The Polk Foundation. Plaintiffs have been required and/or permitted to work in excess of forty (40) hours per workweek, but have not been compensated all hours worked over forty (40) hours in a given workweek.

13. During the three (3) year period preceding this action, and continuing, The Polk Foundation has had a policy and practice of not correctly compensating their Shift Workers; namely, The Polk Foundation has required Shift Workers to remain at work for a minimum of fifteen (15) minutes beyond their scheduled shift

end time for the purpose of turning over their responsibilities to the on-coming shift.

14. Under consistent rulings and interpretations of the United States Department of Labor, and applicable Federal and state law, Ms. Ream and all similarly situated employees are entitled to compensation for the time spent working after their paid shift.

15. The FLSA further requires employers to compensate employees at a rate not less than one and one-half times the regular rate at which they are employees for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

16. The Polk Foundation uniformly denied wages and overtime pay to its Shift Workers by requiring these employees to perform "off the clock" work. The Polk Foundation's deliberate failure to pay its Shift Workers their earned wages and overtime compensation violates the FLSA, PWPCL, and the PMWA.

17. The Polk Foundation did not accurately record all time worked by its Shift Workers, and specifically did not include time these employees spent performing integral and indispensable job duties, including the required post-shift turnover time of at least fifteen (15) minutes.

18. On information and belief, The Polk Foundation adhered to the same policies and practices with respect to all of its Shift Workers.

19. The net effect of The Polk Foundation's policies and practices, instituted and approved by company managers, is that The Polk Foundation

5

willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.

**Collective and Class Action Allegations**

20. Ms. Ream brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

21. Ms. Ream, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, The Polk Foundation's practice of failing to accurately record, and pay for, all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from The Polk Foundation's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

22. Ms. Ream brings Count II as a class action under Fed. R. Civ. P. 23, on behalf of herself and a class defined as follows:

> All current and former non-exempt workers employed by The Polk Foundation as Shift Workers at The Polk Foundation's Millersburg, Pennsylvania assisted living facility during the applicable statute of limitations.

23. The state law claims in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consists of approximately ninety (90) persons who are dispersed throughout Pennsylvania, and elsewhere. As a result, the class is sufficiently numerous and joinder of all class members in this action is impracticable.

25. Questions of fact and law common to the class predominate over any questions affecting only individual class members. The predominating questions of law and fact common to the class consist of at least the following:

    a. Whether The Polk Foundation had a policy requiring its Shift Workers to work unpaid time after their paid shift, including a minimum of fifteen (15) minutes dedicated to shift turnover.

    b. Whether the unpaid post-shift tasks are integral to the principle job duties of the class.

    e. Whether The Polk Foundation failed to record all work time, including time spent after their paid shift, to perform tasks such as shift turnover.

    f. Whether The Polk Foundation's conduct in violating the minimum wage and overtime laws was willful or in good faith.

26. Ms. Ream's claims are typical of those of the class because she and the class members worked under a common policy, performed similar unpaid job-related post-shift tasks under that common policy, and were similarly uncompensated for those post-shift tasks.

27. A class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. The Polk Foundation has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members creates a risk of inconsistent and varying adjudications, establishing inconsistent and incompatible standards of conduct for The Polk Foundation at its business facilities, and/or substantially impairing or impeding the ability of class members to protect their legal rights and interests. Separate lawsuits would put an unnecessary and undue burden on the courts by requiring them to adjudicate numerous claims under virtually identical law, facts, and circumstances.

28. Ms. Ream is an adequate class representative because she is a member of the class and her interests do not conflict with the interests of the class she seeks to represent. The interests of class members will be fairly and adequately protected by Ms. Ream and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class litigation.

## COUNT I

**Violation of the Fair Labor Standards Act**

29. Ms. Ream and other similarly situated persons incorporate herein the allegations set forth above.

30. At all times material herein, Ms. Ream and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

31. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

32. The Polk Foundation is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

33. The Polk Foundation violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, The Polk Foundation also willfully failed to keep accurate records of all hours worked by its employees.

34. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Ms. Ream or other similarly situated employees.

35. Ms. Ream and all similarly situated employees are victims of a uniform compensation policy. On information and belief, The Polk Foundation is applying the same unlawful compensation policy to its non-exempt, Shift Workers.

36. Ms. Ream and all similarly situated employees are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because The Polk Foundation acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

37. The Polk Foundation has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Ms. Ream and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find The Polk Foundation did not act willfully in failing to pay overtime pay, Ms. Ream and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

38. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by The Polk Foundation from Ms. Ream and all similarly situated employees. Accordingly, The Polk Foundation is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

# COUNT II

## Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act

39. Ms. Ream and other similarly situated persons incorporate herein the allegations set forth above.

40. At all times material herein, Ms. Ream and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

41. The PWPCL and the PMWA regulate, among other things, the payment of wages for all hours worked, and overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

42. The Polk Foundation is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

43. The Polk Foundation violated the PWPCL and the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In

the course of perpetrating these unlawful practices, The Polk Foundation also willfully failed to keep accurate records of all hours worked by its employees.

44. 43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the exemptions apply to Ms. Ream or other similarly situated employees.

45. Ms. Ream and all similarly situated employees are victims of a uniform compensation policy. On information and belief, The Polk Foundation is applying the same unlawful compensation policy to its non-exempt, Shift Workers.

46. Ms. Ream and all similarly situated employees are entitled to special damages in the form of "liquidated damages" as set forth by statute because The Polk Foundation acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

47. Alternatively, should the Court find The Polk Foundation acted in good faith, Ms. Ream and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by The Polk Foundation from Ms. Ream and all similarly situated employees.

WHEREFORE, Ms. Ream, on behalf of herself and all others similarly situated, demands judgment against The Polk Foundation for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as

provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Ms. Ream hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

/s/ Derrek W. Cummings
Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiffs*